Darwin L. Overson (7956)
Tawni Bugden (7871)
OVERSON & BUGDEN, PLLC
250 East 200 South, Suite 330
Salt Lake City, UT 84111
Telephone: (801) 733-1308
Facsimile: (801) 528-1700
Email: darwin@boslaw.com

***Attorneys for Claimant***

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF STATE OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | **ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM AND COUNTERCLAIM** |
| Plaintiff, | |
| vs. | |
| MISCELLANEOUS FIREARMS AND RELATED PARTS AND EQUIPMENT LISTED IN EXHIBIT A, | Case No. 1:23-cv-00017-TC |
| | Judge Tena Campbell |
| Defendant, and | |
| RARE BREED TRIGGERS, L.L.C., | |
| Claimant. | JURY DEMANDED |

Claimant Rare Breed Triggers, L.L.C., by and through counsel of record, Darwin L. Overson and Tawni Bugden, of the law firm of OVERSON & BUGDEN, PLLC, hereby files its Answer and Affirmative Defenses for Forfeiture in Rem, its jury demand, and says:

1. Admit that this is a forfeiture action under 18 U.S.C. § 924(d) and 26 U.S.C. § 5872(a) and that the Plaintiff seeks forfeiture of Miscellaneous Firearms and Related Parts and Equipment Listed in Exhibit A ("Defendant Property") of the Verified Complaint for Forfeiture in Rem (the "Complaint"). The balance of the allegations in paragraph 1 of the Complaint is a legal conclusion and does not require a response but in an abundance of caution, Claimant denies that any of the identified Defendant Property represents firearms and parts involved in or used in knowing or willful violations of 18 U.S.C §§ 922(o) and 922(a)(4), 26 U.S.C. §§ 5861(d), (e), (f), and (i), and 26 U.S.C. § 7302, and further assert that all Defendant Property are items legally possessed at all times including at the time of seizure.

2. Claimant asserts that the allegation in paragraph 2 of the Complaint is a legal conclusion not requiring a response. To the extent the Court requires a response, Claimant denies that this Court has jurisdiction over this action to preserve appropriate defenses.

3. Claimant asserts that the allegations in paragraph 3 of the Complaint is a legal conclusion not requiring a response. To the extent the Court requires a response, Claimant denies that this Court has jurisdiction over this action to preserve appropriate defenses.

4. Claimant admits paragraph 4 of the Complaint.

5. Claimant admits paragraph 5 of the Complaint.

6. Claimant admits paragraph 6 of the Complaint.

7. Claimant admits paragraph 7 of the Complaint and affirmatively asserts that Claimant is the owner of the Defendant Property.

8.   Claimant asserts that the allegation in paragraph 8 of the Complaint is a legal conclusion not requiring a response.

9.   Claimant asserts that the allegation in paragraph 9 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant admits that for a firearm to be a "machine gun" under the 26 U.S.C. § 5845(b), the firearm must be capable of automatically shooting more than one shot by a single function of the trigger.

10.  Claimant asserts that the allegation in paragraph 10 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant admits that for a firearm to be a "machine gun" under the 27 C.F.R. § 479(a), the firearm must be capable of automatically shooting more than one shot by a single function of the trigger.

11.  Claimant asserts that the allegation in paragraph 11 of the Complaint is a legal conclusion not requiring a response.

12.  Claimant asserts that the allegation in paragraph 12 of the Complaint is a legal conclusion not requiring a response.

13.  Claimant asserts that the allegation in paragraph 13 of the Complaint is a legal conclusion not requiring a response.

14.  Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies all allegations contained therein.

15. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies all allegations contained therein.

16. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies all allegations contained therein.

17. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies all allegations contained therein.  Furthermore, part of paragraph 17 is a legal conclusion and does not requiring a response.

18. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies all allegations contained therein. Furthermore, part of paragraph 18 is a legal conclusion and does not requiring a response.

19. Claimant admits the allegations contained in paragraph 19 of the Complaint.

20. Claimant admits the allegations contained in paragraph 20 of the Complaint.

21. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies all allegations contained therein.

22. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies all allegations contained therein.

23. Claimant admits the allegation in paragraph 23 that a video was posted on or about August 19, 2021, in which Lawrence Alexander Demonico acknowledged receiving a cease and desist letter from ATF which purported to classify RBT's triggers as machine guns. Claimant admits that Mr. Delmonico makes statements therein that are legal conclusions and further asserts that Mr. Delmonico is not a lawyer. Claimant denies the balance of the allegations in paragraph 23.

24. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies all allegations contained therein.

25. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies all allegations contained therein.

26. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies all allegations contained therein.

27. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies all allegations contained therein.

28. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies all allegations contained therein.

29. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies all allegations contained therein.

30. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies all allegations contained therein.

31. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies all allegations contained therein.

32. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies all allegations contained therein.

33. Claimant admits allegations contained in paragraph 33 of the Complaint.

34. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint as to what information was received by ATF and therefore denies all allegations contained therein related to said information.  Claimant admits Mr. Demonico loaded Rare Breed Triggers, L.L.C.'s property into a U Hall van.

35. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies all allegations contained therein.

36. Claimant admits the allegations contained in paragraph 36 of the Complaint.

37. Claimant admits the allegations contained in paragraph 37 of the Complaint.

38. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies all allegations contained therein.

39. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies all allegations contained therein.

40. Claimant admits the allegations contained in paragraph 40.

**FIRST CAUSE OF ACTION**

41. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 41 of the Complaint does not require a response.

42. Claimant asserts that the allegation in paragraph 42 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 42 to preserve appropriate defenses.

43. Claimant asserts that the allegation in paragraph 43 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 43 to preserve appropriate defenses.

44. Claimant asserts that the allegation in paragraph 44 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 44 to preserve appropriate defenses.

45. Claimant asserts that the allegation in paragraph 45 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 45 to preserve appropriate defenses.

**SECOND CAUSE OF ACTION**

46. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 46 of the Complaint does not require a response.

47. Claimant asserts that the allegation in paragraph 47 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 47 to preserve appropriate defenses.

48. Claimant asserts that the allegation in paragraph 48 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 48 to preserve appropriate defenses.

49. Claimant asserts that the allegation in paragraph 49 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 49 to preserve appropriate defenses.

50. Claimant asserts that the allegation in paragraph 50 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 50 to preserve appropriate defenses.

51. Claimant asserts that the allegation in paragraph 51 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 51 to preserve appropriate defenses.

**THIRD CAUSE OF ACTION**

52. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 52 of the Complaint does not require a response.

53. Claimant asserts that the allegation in paragraph 53 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 53 to preserve appropriate defenses.

54. Claimant asserts that the allegation in paragraph 54 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 54 to preserve appropriate defenses.

55. Claimant asserts that the allegation in paragraph 55 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 55 to preserve appropriate defenses.

**FOURTH CAUSE OF ACTION**

56. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 56 of the Complaint does not require a response.

57. Claimant asserts that the allegation in paragraph 57 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 57 to preserve appropriate defenses.

58. Claimant asserts that the allegation in paragraph 58 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 58 to preserve appropriate defenses.

59. Claimant asserts that the allegation in paragraph 59 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 59 to preserve appropriate defenses.

60. Claimant asserts that the allegation in paragraph 60 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 60 to preserve appropriate defenses.

**FIFTH CAUSE OF ACTION**

61. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 61 of the Complaint does not require a response.

62. Claimant asserts that the allegation in paragraph 62 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 62 to preserve appropriate defenses.

63. Claimant asserts that the allegation in paragraph 63of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 63 to preserve appropriate defenses.

64. Claimant asserts that the allegation in paragraph 64 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 64 to preserve appropriate defenses.

**SIXTH CAUSE OF ACTION**

65. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 65 of the Complaint does not require a response.

66. Claimant asserts that the allegation in paragraph 66 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 66 to preserve appropriate defenses.

67. Claimant asserts that the allegation in paragraph 67 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 67 to preserve appropriate defenses.

68. Claimant asserts that the allegation in paragraph 68 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 68 to preserve appropriate defenses.

69. Claimant asserts that the allegation in paragraph 69 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 69 to preserve appropriate defenses.

**SEVENTH CAUSE OF ACTION**

70. All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.  Paragraph 70 of the Complaint does not require a response.

71. Claimant asserts that the allegation in paragraph 71 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 71 to preserve appropriate defenses.

72. Claimant asserts that the allegation in paragraph 72 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 72 to preserve appropriate defenses.

73. Claimant asserts that the allegation in paragraph 73 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 73 to preserve appropriate defenses.

74. Claimant asserts that the allegation in paragraph 74 of the Complaint is a legal conclusion not requiring a response.  To the extent the Court requires a response, Claimant denies the allegations contained in paragraph 74 to preserve appropriate defenses.

75. Claimant denies all allegations not specifically admitted above.

**FIRST AFFIRMATIVE DEFENSE**

76. Plaintiff's claim that the Defendant Property was involved in a violation of 18 U.S.C. § 922(o) which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

77. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

**SECOND AFFIRMATIVE DEFENSE**

78. Plaintiff's claim that the Defendant Property was involved in a violation of 26 U.S.C. § 5861(d) which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine

gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

79. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

80. Since the Defendant Property does not include any parts that once installed on a firearm would render it a machine gun, none of those parts meet the definition of a "firearm" or "machine gun" under the National Firearms Act and therefore none of the Defendant Property is subject to the National Firearms Registration and Transfer Record requirements.

**THIRD AFFIRMATIVE DEFENSE**

81. Plaintiff's claim that the Defendant Property was involved in a violation of 26 U.S.C. § 5861(e) which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

82. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

83. Since the Defendant Property does not include any parts that once installed on a firearm would render it a machine gun, none of those parts meet the definition of a "firearm" or "machine gun" under the National Firearms Act and therefore none of the Defendant Property is subject to the National Firearms Registration and Transfer Record requirements.

**FOURTH AFFIRMATIVE DEFENSE**

84. Plaintiff's claim that the Defendant Property was involved in a violation of 26 U.S.C. § 5861(f) which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

85. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

86. Since the Defendant Property does not include any parts that once installed on a firearm would render it a machine gun, none of those parts meet the definition of a "firearm" or "machine gun" under the National Firearms Act and therefore none of the Defendant Property is involved in the making of an "unregistered machine gun".

**FIFTH AFFIRMATIVE DEFENSE**

87. Plaintiff's claim that the Defendant Property was involved in a violation of 26 U.S.C. § 5861(i) which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

88. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

89. Since the Defendant Property does not include any parts that once installed on a firearm would render it a machine gun, none of those parts meet the definition of a "firearm" or "machine gun" under the National Firearms Act and therefore none of the Defendant Property is subject to the requirement that a serial number be included on machine guns.

**SIXTH AFFIRMATIVE DEFENSE**

90. Plaintiff's claim that the Defendant Property was involved in a violation of 26 U.S.C. § 7302 which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

91. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

92. Since the Defendant Property does not include any parts that once installed on a firearm would render it a machine gun, none of those parts meet the definition of a "firearm" or "machine gun" under the National Firearms Act and therefore none of the Defendant Property has been involved in a violation of the Internal Revenue laws or regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

93. Plaintiff's claim that the Defendant Property was involved in a violation of 18 U.S.C. § 922(a)(4) which would subject said Defendant Property to forfeiture is a claim upon which relief cannot be granted in this case because none of the Defendant Property is a "machine gun" and all transfers and possessions by Claimant of the Defendant Property were as part of a lawful business.

94. The Defendant Property consists of lawful firearm parts that once installed on a firearm creates a firearm that shoots no more than one shot per single function of the trigger, and as such, neither the parts included in Defendant Property, nor the firearm installed with those parts meet the definition of "machine gun" under the National Firearms Act.

95. Since the Defendant Property does not include any parts that once installed on a firearm would render it a machine gun, none of those parts meet the definition of a "firearm" or

"machine gun" under the National Firearms Act and therefore none of the Defendant Property has been involved in a violation of 18 U.S.C. § 922(a)(4).

**EIGHTH AFFIRMATIVE DEFENSE**

96. Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading, or incomplete allegations.

**NINTH AFFIRMATIVE DEFENSE**

97. Plaintiff's seizure of the Defendant Property violates the Claimant's Fourth Amendment right to be free from illegal search and seizure.

**TENTH AFFIRMATIVE DEFENSE**

98. The Plaintiff's seizure and subsequently seeking forfeiture of Claimant's property violates the Fifth Amendment Takings Clause in that it is taking the Defendant Property for a public purpose without just compensation.

**ELEVENTH AFFIRMATIVE DEFENSE**

99. The Plaintiff cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

**TWELTH AFFIRMATIVE DEFENSE**

100.    The Plaintiff cannot obtain a forfeiture judgment because it has not acted in good faith.

**RESERVATION FOR RIGHTS**

101.    Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

**JURY DEMAND**

102.     Claimant hereby demands a trial by jury of all issues so triable.

**COSTS AND ATTORNEY FEES**

103.     Claimant seeks costs and attorneys fees.

**COUNTERCLAIM**

104.     All responses made to paragraphs 1 through 40 of the Complaint are re-alleged and incorporated herein by reference.

105.     Claimant's property was taken for a public purpose without just compensation, and in violation of the Fifth Amendment of the United States Constitution when the Plaintiff seized the Defendant Property and subsequently sought forfeiture of the same.

106.     The Claimant designed and developed products based on the plain language of the law that a firearm that does not shoot more than one shot per single trigger pull is not a machine gun.

107.     Substantial investment was made by Claimant and the seizure of the Defendant Property has resulted in the loss of Claimant's business.

108.     To address public concerns about mass shootings, the ATF has changed its interpretation of machine gun to include firearms that shoot no more than one shot per trigger pull.  It has done so for a public purpose.

109.     Claimant seeks the just compensation for its past and future losses, including the fair value of the Defendant Property and the loss of future sales, all to be determined at trial.

110.     Claimant seeks prejudgment interest, costs and attorney fees.

DATED this 13th day of September 2023

 /s/ Darwin L. Overson               
Darwin L. Overson
Tawni Bugden
Attorneys for Rare Breed Triggers, LLC

## CERTIFICATE OF DELIVERY

I HEREBY CERTIFY that a true and correct copy of the **ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM AND COUNTERCLAIM** was delivered via the Court's electronic filing/delivery system on this 13th day of September, 2023, to the following:

Trina A. Higgins, United States Attorney
Adam S. Elggren, Assistant United States Attorney
Adam.elggren@usdoj.gov
Travis K. Elder, Assistant United States Attorney
Travis.elder@usdoj.gov
Attorney for the United States of America
111 South Main Street, Ste 1800
Salt Lake City, Utah 84111

/s/ Darwin Overson