Darwin L. Overson (7956)
Tawni Bugden (7871)
OVERSON & BUGDEN, PLLC
250 East 200 South, Suite 330
Salt Lake City, UT 84111
Telephone: (801) 733-1308
Facsimile: (801) 528-1700
Email: darwin@boslaw.com

*Attorneys for Claimant*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MISCELLANEOUS FIREARMS AND RELATED PARTS AND EQUIPMENT LISTED IN EXHIBIT A,<br>    Defendants in rem,<br><br>RARE BREED TRIGGERS, LLC,<br>    Third-Party Claimant. | Case No. 1:23-cv-17-TC-JCB<br><br>Judge Tena Campbell |

**THIRD-PARTY CLAIMANT, RARE BREED TRIGGERS, LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

## INTRODUCTION AND RELIEF REQUESTED

Third-Party Claimant Rare Breed Triggers, LLC ("Rare Breed" or "Claimant") hereby moves for summary judgment under Fed. R. Civ. P. 56 and DUCivR 56-1 as to all counts with respect to the Defendant Property. There is no genuine issue of material fact—only the legal question of whether the seized forced reset triggers and component parts thereof ("FRTs") are "machineguns" under the statutory definition (26 U.S.C. § 5845(b)). This legal determination has already been made in a final judgment from another court and the Government is bound by it. Indeed, the Government has already been ordered to return the unlawfully seized FRTs to the rightful owners.

Thus, Claimant moves for summary judgment denying forfeiture and ordering return of the seized Defendant Property AND Claimant's bond.

## BACKGROUND

On February 14, 2023, the Government filed this *in rem* forfeiture action under 18 U.S.C. § 924(d) and 26 U.S.C. § 5872(a). The Government sought forfeiture of Miscellaneous Firearms and Related Parts and Equipment Listed in Exhibit A ("Defendant Property") on the grounds that they represent firearms and parts involved in or used in knowing or willful violations of 18 U.S.C. §§ 922(o) and 922(a)(4), 26 U.S.C. §§ 5861(d), (e), (f) and (i), and 26 U.S.C. § 7302.  Title 18 U.S.C. § 922(o) prohibits the transfer and possession of machineguns by non-government entities and governs the lawful transfer and possession of machineguns lawfully possessed at the time 922(o) came into effect.  Title 18 U.S.C. § 922(a)(4) prohibits

any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector from transporting in interstate commerce any machinegun, except as may be authorized by the Attorney General.

No one from whom the Defendant Property was seized was charged with a crime.

The Claimant identified the claimed Defendant Property as the entirety of the items listed in "Exhibit A—List of Asset"" to the Warrant for Arrest In Rem (ECF No. 4) and the Verified Complaint For Forfeiture In Rem (see ECF Nos. 2, 2-1, 3-1, and 6). Claimant also made a claim to any other property that may not have been included in Exhibit A but which was seized from Claimant's control, whether such property was seized from possession of third parties or directly from Claimant, including property seized (1) on or about March 26, 2022, by ATF agents pursuant to a search warrant served at 3rd Gen Machine located at 1435 N. 200 W., Logan, Utah; (2) on or about April 15, 2022, from the person Lawrence DeMonico, in an area near Albuquerque, New Mexico; and (3) in December 2022 from North East Coatings facility in Sanford, Maine. ECF No. 6.

The National Firearms Act of 1934 ("NFA") regulates certain firearms in interstate commerce. 26 U.S.C. §§ 5801 *et seq.* Among other things, the NFA criminalized the possession or transfer of certain unregistered firearms while also prohibiting the registration of firearms otherwise banned by law. 26 U.S.C. §§ 5812(a), 5861. In the decades following its enactment, Congress passed the Gun Control Act of 1968 (the "GCA"), which criminalized the possession of firearms for

certain classes of people. 18 U.S.C. § 921 *et. seq*. The GCA was amended in 1986 by the Hughes Amendment to the 1986 Firearm Owners Protection Act—colloquially referred to as "the machinegun ban"—to prohibit the possession or transfer of machineguns. 18 U.S.C. § 922(o). With limited exceptions, it is a federal felony today to possess or transfer a machinegun. *Id*. This offense is punishable by up to ten years in federal prison for first-time offenders. 18 U.S.C. § 924(a)(2).

According to both the NFA and GCA, a "machinegun" is statutorily defined as:

> [a]ny weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b) (providing the original statutory definition of "machinegun"); 18 U.S.C. § 921(a)(24) (incorporating the NFA's definition of "machinegun" into the GCA).

In this forfeiture action, the Government asserted seven causes of action in the Complaint, all of which are based entirely on the premise that FRTs are machineguns under federal law. But, as will be explained below, all of the ATF "determinations" relating to the Defendant Property have now been vacated and FRTs have been judicially declared *not* to be machineguns.

4

On August 9, 2023, the National Association for Gun Rights ("NAGR") and others filed a lawsuit under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2), in the Northern District of Texas to adjudicate the question of whether FRTs are machineguns under the statute and whether ATF's seizures of the same were lawful. Bellamy Decl., Ex. A, Complaint, *National Association for Gun Rights, Inc. v. Garland* (hereinafter "*NAGR*"), N.D. Texas, Case No. 4:23-cv-830 (N.D. Tex. Aug. 9, 2023). Claimant is and has been a member of NAGR and was expressly recognized as a member of the associational plaintiffs by the Northern District of Texas, which expressly granted it individualized relief. Bellamy Decl., Ex. B at 10.

On August 30, 2023, the *NAGR* court issued a temporary restraining order against the Government enjoining it from taking enforcement action against the named individual plaintiffs in that case. *National Association for Gun Rights, Inc. v. Garland*, Case No. 4:23-cv-00830 (N.D. Tex. Aug. 9, 2023), 2023 WL 5610293, at *1.

On October 7, 2023, after testimony from both Plaintiff and Government experts[1], the *NAGR* court issued a preliminary injunction against the Government enjoining the ATF from:

(1) Initiating or pursuing criminal prosecutions for possession of FRTs;

(2) Initiating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns;

---

[1] The *NAGR* court heard from the same Government expert designated in this matter (Anthony L. Ciravolo). *See* ECF No. 23.

(3) Initiating or pursuing criminal prosecutions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

(4) Initiating or pursuing civil actions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

(5) Sending "Notice Letters" or other similar communications stating that FRTs are machineguns;

(6) Requesting "voluntarily" surrender of FRTs to the government based on the claim that FRTs are machineguns;

(7) Destroying any previously surrendered or seized FRTs; and

(8) Otherwise interfering in the possession, sale, manufacture, transfer, or exchange of FRTs based on the claim that FRTs are machineguns.

*National Association for Gun Rights, Inc. v. Garland*, 697 F. Supp. 3d 601, 634 (N.D. Tex. 2023). The *NAGR* court determined there were no material facts disputed and that the only issue was the legal question of interpreting the statutory definition of "machinegun." *Id.* at 613.

On November 16, 2023, the *NAGR* court denied a motion to stay the preliminary injunction pending appeal and on November 30, 2023, the Fifth Circuit likewise denied the Government's emergency motion to stay. *See* Bellamy Decl., Ex. B, Memorandum & Order ("Final Order") at 10–11.

On June 14, 2024, the U.S. Supreme Court issued its ruling on bump stocks in *Garland v. Cargill*, 602 U.S. 406 (2024), interpreting the statutory definition of "machinegun" under 26 U.S.C. § 5845(b). It said bump stocks do not turn a weapon into a machinegun because a shooter must release and reset the trigger between every shot and "any subsequent shot fired after the trigger has been released and

6

reset is the result of a separate and distinct 'function of the trigger.'" *Id.* at 415 (quoting 26 U.S.C. § 5845(b)). It explained that a "shooter may fire the weapon again after the trigger has reset, but only by engaging the trigger a second time and thereby initiating a new firing cycle." *Id.* at 421. It defined "engaging the trigger" as "moving it backward." *Id.* at 418.

On July 23, 2024, following the Supreme Court's *Cargill* decision, the *NAGR* court issued a final order and judgment vacating the ATF's "unlawful" classification of FRTs as machineguns under 26 U.S.C. § 5845(b), declaring "unlawful" ATF's determination that FRTs are machineguns, enjoining the Government from taking action against the parties to the lawsuit based on ATF's expanded definition of "machinegun" that included FRTs, and ordering ATF to return FRTs seized from members of the plaintiff organizations.[2] Bellamy Decl., Ex. B, Final Order at 61–62.[3]

The *NAGR* court's vacatur was explicitly "universal" in scope. *Id.* at 52, 60. Although carved out from *some* of the injunctive relief, the "Rare Breed Parties"[4] were expressly identified as member plaintiffs and beneficiaries of all other relief granted, including protection from criminal charges.[5] *Id.* at 7–8, 21 n.72, 59 &

---

[2] The APA gives courts the power to "hold unlawful and set aside agency action[s]." 5 U.S.C. § 706(2).
[3] Entry of Final Judgment was made the following day. Bellamy Decl., Ex. C,
[4] The defendants in *United States v. Rare Breed Triggers, LLC, et al.*, Case No. 23-cv-369 (E.D.N.Y.) ("the E.D.N.Y. Lawsuit")
[5] The *NAGR* court defined a limited carve-out of Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, Lawrence DeMonico, and Kevin Maxwell ("the Rare Breed Parties") from certain of the injunctive relief granted in the final judgment only "to the extent that the permanent injunction conflicts with the E.D.N.Y Lawsuit's civil

7

n.134, 61–63. But no seizures were pursuant to or part of the E.D.N.Y. Lawsuit. Again, the *NAGR* court determined there were no material facts disputed and that the only issue was the legal question of interpreting the statutory definition of "machinegun." *Id.* at 10 and 45.

On August 20, 2024, the *NAGR* court reaffirmed its ruling when it denied the Government's Motion to Stay the judgment pending appeal, saying the "Court finds that Defendants, who bear the burden to show a stay pending appeal is warranted, failed to meet their burden here, let alone produce the 'strong' showing required for such 'extraordinary relief' as a stay pending appeal." Bellamy Decl., Ex. D, Order at 8, *National Association for Gun Rights, Inc. v. Garland*, Case No. 4:23-cv-00830 (N.D. Tex. Aug. 20, 2024), ECF 112 (emphasis omitted) (citing *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023)). The deadline for the Government to *complete* certain affirmative actions (returning unlawfully seized FRTs and mailing corrective notices) was extended—not stayed—six months, and specific requests for return must be acted on "as soon as practicable." *Id.* at 15. The Government has not sought a stay from the Fifth Circuit.

Thus, the *NAGR* court's final judgment remains undisturbed. In that regard, the basis of the Government's Complaint here for forfeiture—the ATF's

---

scope." *United States v. Rare Breed Triggers, LLC, et al.*, Case No. 23-cv-369 (E.D.N.Y.). The *NAGR* court's vacatur of the ATF's classification of forced reset triggers as machineguns was found unlawful and expressly defined to be "universal" in scope, and the Government was expressly enjoined from, among other things, bringing criminal charges against the Rare Breed Parties. Bellamy Decl., Ex. B, Final Order at 52 and 60.

classification of Defendants' triggers as machineguns—has been vacated, as if it had never existed.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

- The Defendant Property consists entirely of forced reset triggers and component parts thereof ("FRTs"), specifically, Rare Breed Triggers FRT-15 and Wide Open Triggers WOT. ECF Nos. 2-2 and 3-1.

- *NAGR* court vacated the ATF's classification of FRTs, including the Rare Breed Triggers FRT-15 and Wide Open Triggers WOT, as machineguns and expressly declared that FRTs are *not* machineguns. Bellamy Decl., Ex. B, at 51 and 53.

- In its judgment, the *NAGR* court specifically addressed and included the Rare Breed Triggers FRT-15 and Wide Open Triggers WOT. *Id.* at 59.

- In its judgment, the *NAGR* court specifically identified Rare Breed Triggers as a member of the plaintiff organization. *Id.* at 10.

## ARGUMENT

### I.   Legal Standard for Summary Judgment

Summary judgment is proper when the pleadings and evidence show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury

9

could return a verdict for the nonmoving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material-fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The purpose of a summary judgment motion is to assess whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995). In other words, for the case to continue, "there must be evidence on which the jury could reasonably find for the plaintiff." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir.1995), cert. denied, 516 U.S. 1160 (1996), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A court grants summary judgment for the moving party where there is no genuine issue as to any material fact in the pleadings, depositions, answers to interrogatories, admissions and affidavits. F. R. Civ. P. 56(c). When applying this standard, a court must view the factual record in the light most favorable to the nonmovant. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "However, where the non-moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment."

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998) (internal quotation marks and citation omitted).

## II. There Is No Genuine Dispute of Material Fact

There is no dispute as to what the Defendant Property is: it consists entirely of forced reset triggers and component parts thereof ("FRTs"), specifically, Rare Breed Triggers FRT-15 and Wide Open Triggers WOT. ECF No. 2-2. The Government alleges in this *in rem* action that the seized FRTs, specifically the Rare Breed Triggers FRT-15 and the Wide Open Trigger ("WOT"), are "machineguns" under federal law. ECF No. 2 at ¶¶ 17, 18q, 24, 29, and 32. But the basis for all of these allegations has since been adjudicated to be "unlawful" and vacated.

A necessary element to all of the Government's forfeiture claims is that FRTs *are* actually "machineguns." Thus, all of the Government's allegation have been foreclosed and its claims have already been adjudicated in Claimant's favor.

The sole issue to be determined here is a question of law, i.e., whether the Defendant Property is included within the statutory definition of "machinegun."

## III. The Sole and Controlling Legal Issue Has Been Determined

On July 23, 2024, in a case brought under the Administrative Procedure Act, 5 U.S.C. § 706, the United States District Court for the Northern District of Texas entered a final order on summary judgment vacating the Government's classification of FRTs as "machineguns" as being contrary to federal law and declaring that FRTs are *not* machineguns.[6] *See* Bellamy Decl., Ex. B, Final Order at

---

[6] Final Judgment was entered the following day. *See* Bellamy Decl., Ex. C.

11

54; *see also National Association for Gun Rights, Inc. v. Garland*, Case No. 4:23-cv-00830, 2024 WL 3517504 (N.D. Tex. Jul. 23, 2024) ("*NAGR*"). The *NAGR* court made clear that it intended its vacatur order to apply nationwide, stating "[b]y its very nature, a vacatur is universal in scope because it 'erase[s] [an unlawful regulation] from the books'" and "[e]rasure cannot be limited to only one party when the agency action no longer exists." *Id* at 24 (quoting *United States v. Texas*, 599 U.S. 670, 696 (2023) (Gorsuch, J., concurring in the judgment)). Thus, "[v]acatur of the ATF's unlawful action—classification of FRTs as machineguns—achieves the same effect here as a nationwide injunction." Moreover, Rare Breed Triggers, Lawrence DeMonico, and Kevin Maxwell are members of the organizational plaintiff group in *NAGR*, and thus are parties to that decision. Thus, the *NAGR* order impacts this case in two ways: first, the vacatur order is universal, and second, the United States is collaterally estopped by the vacatur order.

Accordingly, ATF's "determinations" have been adjudicated to have been "unlawful," and the examination reports on which the Government seized the Defendant Property and on which the ATF bases its forfeiture claims, have been expressly vacated and invalidated.

## IV. The Vacatur Judgment Applies to This Litigation

### A. The July 23, 2024, vacatur order applies because it is universal

The *NAGR* court's vacatur retroactively expunged the ATF's classification of FRTs as machineguns. *See Driftless Area Land Conservancy v. Valcq*, 16 F. 4th 508, 522 (7th Cir. 2021). Unlike an injunction, which merely blocks enforcement, vacatur

12

retroactively undoes or expunges a past state action. *Id*. Vacatur is "[t]he act of annulling or setting aside." *Id*. (citing *Vacatur, Black's Law Dictionary* (11th ed. 2019)).

The *NAGR* court made explicit the universal nature of the vacatur order. Bellamy Decl., Ex. B, Final Order at 52-53. It noted that "vacatur is universal in scope because it 'erase[s] [an unlawful regulation] from the books.'" *Id*. at 52 (alterations in original) (quoting *United States v. Texas*, 599 U.S. 670, 696 (2023) (Gorsuch, J., concurring in the judgment)). The *NAGR* court rejected the Government's argument that the vacatur should be limited to the *NAGR* plaintiffs. *Id*. at 52–53. The *NAGR* court emphasized that the vacatur "scope logically cannot be limited to specific parties." *Id*. In other words, even if Defendants here were *not* members of the organizational plaintiffs in *NAGR*, the vacatur still would apply to this case: "Erasure cannot be limited to only one party when the agency action no longer exists." *Id*. at 52 (citing *Data Mktg. P'Ship*, 45 F.4th 846, 859 (5th Cir. 2022)). In the end, "[v]acatur of the ATF's unlawful action—classification of FRTs as machineguns—achieves the same effect here as a nationwide injunction." *Id*. at 53.

Thus, the *NAGR* court's vacatur applies here because it is "universal." In fact, the *NAGR* court's vacatur prevents the Government from asserting that FRT's are machineguns, relying on or entering as evidence any classification report determining that FRT's are machineguns, or putting forth an expert, including Anthony L. Ciravolo or anyone else, opining that FRT's are machineguns. To do so would be in violation of the *NAGR* court's judgment.

13

## B. The July 23, 2024, Vacatur Order Also Applies Because of Collateral Estoppel

Collateral estoppel, or issue preclusion, prevents parties from re-litigating issues that have already been resolved in a prior proceeding. The doctrine of issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir.2009). The doctrine applies when: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Adams v. Kinder–Morgan, Inc.*, 340 F.3d 1083, 1093 (10th Cir.2003) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir.2002)). As a fifth element, defensive issue preclusion applies against the Government when there is mutuality of parties. *United States v. Stauffer Chemical Co.,* 464 U.S. 165, 173 (1984); *Montana v. United States*, 440 U.S. 147, 153 (1979). That is, the asserting party and the Government were both parties to, or in privity with, the prior proceeding. This principle has been recognized in the Tenth Circuit. *United States v. Rogers*, 960 F.2d 1501, 1507-08 (10th Cir. 1992).

***(1) Identical issues.*** In its judgment, the *NAGR* court ruled that ATF's classification of FRTs as machineguns was unlawful and declared that FRTs are not machineguns under the lawful interpretation of 26 U.S.C. § 5845(b). Bellamy Decl., Ex. B, Final Order at 38, 41–48, 61–63. That issue, essential to the *NAGR* final

14

judgment, is identical to that necessary for the present action. The Government's forfeiture action depends entirely on the Defendant Property—FRTs and component parts thereof—being machineguns under the statutory definition Although the vacatur applies to all types or makes of FRTs, the Rare Breed FRT-15 and the WOT triggers (the exact models of the Defendant Property) were both specifically considered by the *NAGR* court as examples of FRTs. *Id.*

***(2-4) Actually litigated by the Government to, and necessary for, a final judgment.*** The issue of whether FRTs constitute an illegal machinegun under federal law, and whether the Government's classification of the FRT as a machinegun was valid, were fully litigated by the Government in the *NAGR* case. Indeed, the Government offered its argument on the issue six separate times: (1) in opposition to the *NAGR* plaintiffs' motion for a temporary restraining order, (2) in opposition to the motion for a preliminary injunction—a preliminary injunction that was issued only after an evidentiary hearing in which the Government presented its expert witness[7], (3) in support of its motion to the trial court to stay the preliminary injunction, (4) in support of its motion to the appellate court to stay the preliminary injunction, (5) in opposition to the *NAGR* plaintiffs' motion for summary judgment, and in support of the Government's motion for summary judgment, and (6) in support of its motion to the trial court to stay the final judgment. Each time the Government's arguments were completely rejected.

---

[7] As noted above, the same witness identified by the Government in this case (Anthony Ciravolo). *See* ECF No. 23.

The *NAGR* court's July 23, 2024, Final Order, and the Final Judgment (issued the next day), constitute final court action required for collateral estoppel. Indeed, the July 23 final order granted the *NAGR* plaintiffs' motion for summary judgment, while denying the Government's cross-motion for summary judgment. After the controlling issue was thoroughly litigated, finding no disputed material facts and only a legal question to determine, the *NAGR* court fully and finally decided the merits of that litigation: that FRTs are not machineguns under federal law.

That the Government is appealing the *NAGR* judgment does not render it non-final for preclusive purposes. "A final judgment by a district court has preclusive effect even though the judgment is pending on appeal." *Amcast Indus. Corp. v. Detrex Corp.,* 45 F.3d 155, 160 (7th Cir. 1995); *accord MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 832 (10th Cir. 2005) ("The general rule is that the appealability of a judgment . . . does not hinder its preclusive effect." (internal quotes omitted) (citing 18A Wright & Miller § 4433, at 78–85 (2d ed. 2002)).

***(5) Mutuality of parties.*** There is also mutuality of the parties. In *Montana,* 440 U.S. at 156, 161–62, the Court applied collateral estoppel to bar the United States from advancing a federal lawsuit after the Montana Supreme Court had already resolved an issue against the United States's interest in a parallel state court lawsuit that was, "in substance," the same. It reasoned that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action

16

involving a party to the prior litigation." *Id.* at 153. The Court so ruled even though the United States controlled, but was not a party to, the state court litigation. *Id.* at 155.

Carved out from some of the injunctive relief to uphold comity principles, the "Rare Breed Parties" (the Claimant here) were expressly identified as member plaintiffs and beneficiaries of all other relief granted by the *NAGR* court, including protection from criminal charges.[8] Bellamy Decl., Ex. B, Final Order at 7–8 ("Most notably, large Texas entities such as Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, and their respective officers, Lawrence DeMonico and Kevin Maxwell (the 'Rare Breed Parties'), are also members of NAGR."); *id.* at 21 n.72 ("The Complaint is also full of references to the FRT-15 manufactured and sold by Rare Breed Triggers, along with the legal action taken against this commercial member."); *id.* at 59 (finding Rare Breed Parties to be members of "an Organizational Plaintiff"); *id.* at 59, n.134 (noting the Rare Breed Parties include "Lawrence DeMonico and Kevin Maxwell"), *id.* at 61–63.

Defendants were repeatedly referenced in the *NAGR* complaint. Bellamy Decl., Ex. A, Compl. At ¶ 55, *National Association for Gun Rights, Inc. v. Garland*, N.D. Texas, Case No. 4:23-cv-830 (N.D. Tex. Aug. 9, 2023), ECF No. 1 ("On August 4, 2023, the DOJ executed a search warrant on the Fargo, North Dakota, office of Rare Breed Triggers, LLC as part of its ongoing campaign against FRT owners, manufacturers, and distributors."); *id.* at ¶ 53 ("The ATF has initiated civil

---

[8] *See* footnote 5, above.

proceedings against at least one company and two individuals involved in the manufacture and sale of FRTs. Complaint, *United States of America v. Rare Breed Triggers, LLC*, et al., Case No. 1:23-cv-00369-NRM-RML (E.D.N.Y. Jan. 19, 2023)."); *id.* at ¶ 49 ("The ATF has sent cease-and-desist letters to multiple companies involved in the manufacture, marketing, and sale of FRTs, including Rare Breed Triggers . . ..").

Accordingly, the July 23, 2024, *NAGR* court vacatur applies here, also, because of collateral estoppel.

## CONCLUSION

There is no dispute that the Defendant Property consists entirely of forced reset triggers and component parts thereof ("FRTs"), specifically, Rare Breed Triggers FRT-15 and Wide Open Triggers WOT. The final judgment from the *NAGR* court vacated the ATF's classification of FRTs, including the Rare Breed Triggers FRT-15 and Wide Open Triggers WOT, as machineguns and expressly declared that FRTs are not machineguns. In its judgment, the *NAGR* court specifically addressed and included the Rare Breed Triggers FRT-15 and Wide Open Triggers WOT.  In its judgment, the *NAGR* court specifically identified Rare Breed Triggers as a member of the plaintiff organization. The Government is bound by the *NAGR* court final judgment as the vacatur is universal and because collateral estoppel applies.

Accordingly, for the foregoing reasons, Claimant respectfully requests that the Court enter judgment denying forfeiture and ordering the immediate return of the Defendant Property and any bond(s) posted in this matter.

> Respectfully submitted,
>
> /s/ Darwin Overson
> Darwin L. Overson (7956)
> Tawni Bugden (7871)
> OVERSON & BUGDEN, PLLC
> 250 East 200 South, Suite 330
> Salt Lake City, UT 84111
> Telephone: (801) 733-1308
> Facsimile: (801) 528-1700
> Email: darwin@boslaw.com
>
> *Attorneys for Claimant, Rare Breed Triggers, LLC*

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the THIRD-PARTY CLAIMANT, RARE BREED TRIGGERS, LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF was delivered via the Court's electronic filing/delivery system on this 26th day of September, 2024, to the following:

Trina A. Higgins, United States Attorney
Adam S. Elggren, Assistant United States Attorney
Adam.elggren@usdoj.gov
Travis K. Elder, Assistant United States Attorney
Travis.elder@usdoj.gov
Attorneys for the United States of America
111 South Main Street, Ste 1800
Salt Lake City, Utah 84111

/S/ Darwin Overson
Darwin Overson