Darwin L. Overson (7956)
OVERSON LAW, PLLC
136 East South Temple, Suite 1530
Salt Lake City, UT 84111
Telephone: (801) 733-1308
Facsimile: (801) 528-1700
Email: darwin@boslaw.com

*Attorneys for Claimant*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff, | )<br>)<br>) |
| | )   Case No. 1:23-cv-17-TC-JCB |
| v. | )<br>) |
| MISCELLANEOUS FIREARMS AND<br>RELATED PARTS AND EQUIPMENT<br>LISTED IN EXHIBIT A,<br>  Defendants in rem, | )  Judge Tena Campbell<br>)<br>)<br>)<br>) |
| RARE BREED TRIGGERS, LLC,<br>  Third-Party Claimant. | )<br>)<br>) |

**THIRD-PARTY CLAIMANT, RARE BREED TRIGGERS, LLC'S REPLY TO UNITED STATES' RESPONSE TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Claimant Rare Breed Triggers, LLC ("Rare Breed" or "Claimant") moved for summary judgment denying forfeiture and ordering return of the seized Defendant Property and Claimant's bond based on a prior, final adjudication that vacated the Government's interpretation of the statute defining machineguns (26 U.S.C. § 5845(b)) and declared forced reset triggers[1] ("FRTs") *not* to be machineguns. That unlawful interpretation was the basis of the seizures in this action.

The background section of the Government's brief is largely irrelevant, other than its acknowledgment that the Supreme Court decided the *Cargill* case, interpreting the statutory definition of a machinegun, *after* the Eastern District of New York ("EDNY") issued a preliminary injunction, further diminishing any persuasive effect that preliminary finding might have.

The Government agrees that the facts are not in dispute arguing, nevertheless, that Claimant is not "entitled to judgment as a matter of law." But the Government is wrong. The Government acknowledges that a necessary element to all of its forfeiture claims is that FRTs meet the statutory definition of a "machinegun." But all of the Government's allegations that the seized goods are machineguns have been foreclosed. The statutory interpretation has already been adjudicated in Claimant's favor—the Government's interpretation has been vacated as "unlawful," but the Government wants to relitigate the question.

Although the exact legal issue has already been litigated to a final judgment, the Government argues it is not bound by either the vacatur or declaration of that judgement for

---

[1] Expressly including the Rare Breed Triggers FRT-15 and Wide Open Triggers WOT at issue here.

three reasons. First, it questions whether the Claimant was a party to the *NAGR* case[2]. Second, it argues that the other judgment was simply "wrong," and seeks to reargue the question *de novo* to this court. And third, it argues that the judgment is not preclusive because an appeal is pending in the Fifth Circuit. All of these arguments fail, as explained below.

The Government did not file a cross-motion for summary judgment. Nevertheless, it chose to argue the question of whether a forced reset trigger is a machinegun, asserting the same arguments and statutory interpretation that have been vacated as "unlawful."[3] The Government defies the Northern District of Texas's prior, final judgment and "asks" this Court to do the same by re-deciding this question *de novo* in defiance of its sister court and the legal principles of vacatur and collateral estoppel. Although the Government consumes many pages making this moot argument, that question is not before this court, so Claimant will not engage in this exercise.

I.   **The Vacatur Applies to the Government in Any Proceeding**

The Government argues that the vacatur "has no bearing" on this case. ECF No. 35 at 20. But notably it cites absolutely no legal authority in support of that bare assertion. There is none, because the Government's position is squarely contrary to the law.

The Government wishes to avoid the "real-world" consequences of the vacatur of ATF's unlawful statutory interpretation. But the text of the APA expressly authorizes federal courts to

---

[2] *National Association for Gun Rights, Inc. v. Garland*, Case No. 4:23-cv-00830, 2024 WL 3517504 (N.D. Tex. Jul. 23, 2024) ("*NAGR* case").
[3] The Government's Opposition Brief in this case asserting this position in defiance of the *NAGR* court's vacatur is cited as evidence in a Motion to Show Cause Why the Government Should Not Be Held in Contempt currently pending in the N.D. Texas. *NAGR v. Garland*, Case No. 4:23-cv-830, N.D. Tex., ECF No. 119.

"hold unlawful and set aside" agency action. 5 U.S.C. § 706(2). *See Corner Post v. Board of Governors*, 144 S. Ct. 2440, 2467 (2024) (J. Kavanaugh concurring), citing J. Mitchell, The Writ-of-Erasure Fallacy, 104 Va. L. Rev. 933, 1012 (2018) ("Unlike judicial review of statutes, in which courts enter judgments and decrees only against litigants, the APA and related statutory review provisions go further by empowering the judiciary to act directly against the challenged agency action.").

The *NAGR* court's vacatur was explicitly "universal" in scope. The Rare Breed Parties were expressly identified as member plaintiffs and beneficiaries of the relief granted, except for certain of the *injunctive* relief. Despite the Government's disingenuous attempt to conflate vacatur with injunctive relief, any limitation on the scope of the *NAGR* court's injunctive relief is irrelevant to vacatur.

The Government's assertion that "[t]he decision in *NAGR* does not and cannot control the meaning of the statute nationwide; only a decision of the Supreme Court can have that effect," is patently false. ECF No. 35 at 20. To the contrary, "[v]acatur of the ATF's unlawful action—classification of FRTs as machineguns—achieves the same effect here as a nationwide injunction." ECF No. 29-2. at 53. Consistent with general principles of vacatur, the effect of a vacatur under the APA is not limited to the litigant who challenges a government action. As Justice Kavanaugh observed, vacatur "in the APA cannot reasonably depend on the specific party before the court. Either the APA authorizes vacatur, or it does not." *Corner Post, Inc. v. Board of Governors*, 144 S. Ct. 1440, 2469 (Kavanaugh, J., concurring).

While serving as a district court judge, Justice Jackson found "[i]t suffices to note here that the argument that a court can only vacate the agency's unlawful conduct with respect to the particular plaintiffs who have filed the legal action that is before it has no grounding in the Article

III doctrine or in any federal statute of which this Court is aware." *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 52 (D.D.C. 2020) (Jackson, J.). Rather, "conceivably, any and every person who might have otherwise been subjected to the government's unlawful conduct benefits from its vacatur." *Id.* at 53. *Kiakombua* went on to harshly criticize the exact position the Government has taken in this case, stating:

> It has apparently only been in recent years that federal agencies have consistently and audaciously demanded an entitlement to persist in the unlawful conduct despite a federal court's ruling declaring that conduct unlawful, which has manifested itself in the strange argument that Defendants have presented here—*i.e.*, that *precisely* because outsiders might benefit from a vacatur, the Court lacks the power to vacate the agency action and must instead craft a remedy that permits the agency to continue to act in flagrant violation of the law as the court has announced it to be with respect to anyone who has not been joined as a party in the case before the court.[] Yet, here as elsewhere, Defendants have failed to provide any persuasive reason why the potential incidental benefit that is conferred to the rest of humanity when a court addresses unlawful agency action by vacating the agency's conduct is sufficiently problematic, under the Constitution or otherwise, to justify limiting a federal court's traditional power to nullify the actions of the defendant when that challenged conduct violates the law.

*Id.* at 53–54. Thus, the universality of vacatur renders irrelevant the Government's argument about whether Claimant was a party to the *NAGR* case as an organizational member.

Generally, "an administrative agency that is acting in good faith and in the public's interest can be expected to heed the implications of the federal court's ruling and desist voluntarily from engaging in conduct that the court has deemed unlawful." *Id.* at 53. That the Government seeks to defy this "expectation" by exhibiting an "audacious[] . . . entitlement" "to continue to act in flagrant violation of the law" does not make its actions right or lawful. *See id.* at 53–54.

The Government feigns ignorance as to what ATF action was vacated. *See* Response Brief, ECF No. 35 at 20. In doing so, it boldly defies the plain language of the judgment, stating that "this Court is simply asked to engage in a *de novo* review and reach its own interpretation of the statute." Somehow, simply because the Government doesn't agree with a federal court's

judgment against it, it audaciously demands an entitlement to persist in the unlawful conduct despite a federal court's ruling declaring that conduct unlawful and to "ask" this Court to allow it to avoid the undesired consequences and give it a "do-over."

The Government seeks to draw a distinction between the ATF's classification and the Government's interpretation of the statute. This distinction has been rejected. In *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368 (5th Cir. 2022) the court rejected an agency's attempt to "implicitly argue[] that a lawsuit challenging a regulation and a lawsuit challenging the underlying statute are different," concluding "as the Court recently noted in *FEC v. Cruz*, a challenge to an agency regulation is necessarily a challenge to the underlying statute as well . . . because an agency 'literally has no power to act'—including under its regulations—unless and until Congress authorizes it to do so by statute.'" *Franciscan Alliance*, 47 F.4th 368 at 378 (quoting *FEC v. Cruz*, 596 U.S. 289, 301 (2022)).

The *NAGR* court's vacatur prevents the Government from asserting that FRT's are machineguns, relying on or entering as evidence any classification report determining that FRT's are machineguns, or putting forth an expert, including Anthony L. Ciravolo or anyone else, opining that FRT's are machineguns. To do so is in violation of the *NAGR* court's judgment.

Holding the Government to the *NAGR* court's vacatur judgment does not "step on the toes" of its sister courts or order another court to do or not do anything. It orders what a *litigant* (the Government) can or cannot do in those other proceedings. In other words, the Government, as a litigant, cannot continue to pursue any proceeding based on the claim that FRTs are machineguns because its statutory interpretation has been vacated as unlawful.

The *NAGR* court made clear that it intended its vacatur order to apply nationwide, stating "[b]y its very nature, a vacatur is universal in scope because it 'erase[s] [an unlawful regulation]

6

from the books'" and "[e]rasure cannot be limited to only one party when the agency action no longer exists." *Id* at 24 (quoting *United States v. Texas*, 599 U.S. 670, 696 (2023) (Gorsuch, J., concurring in the judgment)). Thus, "[v]acatur of the ATF's unlawful action—classification of FRTs as machineguns—achieves the same effect here as a nationwide injunction." ECF No. 29-2 at 52.

The *NAGR* court said its *injunctive* relief should not interfere with other courts, but did not so limit its vacatur and declaratory relief. The *NAGR* court's judgment is not "interfering" with other courts' jurisdiction; it does not order a sister court to do or not do something. But it very much is controlling what a litigant before it (here, the Government) can or cannot do—what argument or statutory interpretation it cannot assert—in any other court. The Government cannot avoid the consequences of the *NAGR* court final judgment. It very much controls (i.e., "interferes with") what interpretation of a statute the Government can or cannot assert. It really is that simple.

Accordingly, ATF's "determinations" have been adjudicated to have been "unlawful," and the examination reports forming the basis on which the Government seized the Defendant Property and on which the ATF still bases its forfeiture claims, have been expressly vacated and invalidated.[4] The Government is precluded from asserting otherwise. The ATF is not allowed to classify (i.e., consider, or assert) FRTs to be machineguns.

The Government is not immune from the ramifications and consequences of the *NAGR* court's judgment. The *NAGR* court "VACATE[D] Defendants' unlawful classification of FRTs as "machineguns," "DECLARE[D] unlawful the ATF's determination that FRTs are "machineguns,"

---

[4] Government counsels' failure to bring this to the Court's attention prior to Claimant filing the subject summary judgment motion implicates whether its duty of candor to this Court was fulfilled .

7

and enjoined the Defendants from "Initiating or pursuing criminal prosecutions for possession of FRTs" or "Initiating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns." ECF No. 29-2 at 53-54. Requiring the Government to comply with the *NAGR* court's judgment does not tread on the jurisdiction of a sister court, including that of this Court.

## II. Irrelevance of the Pending Appeal of the *NAGR* Judgment

The Government argues that the *NAGR* judgment can be ignored because it is under appeal and "may not stand."[5] The fact that an appeal is pending is irrelevant. The *NAGR* court's judgment is final and enforceable. *Stevens v. St. Tammany Parish Government*, 17 F.4th 563 (5th Cir. 2021); *accord MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) ("The general rule is that the appealability of a judgment . . . does not hinder its preclusive effect." (internal quotes omitted) (citing 18A Wright & Miller § 4433, at 78–85 (2d ed. 2002)).

If the Government believes that a district court has erroneously vacated an agency action or rule, the Government may promptly seek a stay in the relevant federal court of appeals." *Corner Post*, 144 S. Ct. at 2469. Likewise, if the court of appeals denies a stay, the Government may seek further review in the Supreme Court. *Id.* Here, the *NAGR* district court denied the Government's motion to stay the judgment (ECF No. 29-4 at 8), and the Government did not seek a stay from the Fifth Circuit (or beyond). Thus, in the absence of a stay, the fact that an appeal is pending is irrelevant. The *NAGR* court's final judgment remains undisturbed and precludes the Government from asserting a statutory interpretation contrary to the judgment.

---

[5] Oral arguments were heard by the Fifth Circuit on December 9, 2024

### III. Collateral Estoppel Applies

The Government argues that collateral estoppel does not apply for two reasons: 1) because it is an equitable doctrine, this Court is free to disregard it, and 2) because the *NAGR* court limited the scope of its *injunctive* relief, somehow vacatur is also so limited (despite the *NAGR* court's express statement to the contrary). Both of these arguments fail.

Citations supporting the first argument relate to situations where there is a question whether the issues are identical or whether the party against whom the preclusion is being asserted had a full and fair opportunity to litigate the issue. The second argument is a disingenuous attempt by the Government to conflate vacatur with injunctive relief.

In any event, this Court does not need to find that collateral estoppel applies if it determines that the Government must heed the universal effect of vacatur.

## CONCLUSION

The Defendant Property consists entirely of forced reset triggers and component parts thereof adjudicated not to be machineguns and the Government's unlawful statutory interpretation has been vacated. The Government is bound by the *NAGR* court final judgment as the vacatur is universal, regardless of whether Claimant's were organizational member plaintiffs in that case, and because collateral estoppel applies.

Accordingly, Claimant respectfully requests that the Court enter judgment denying forfeiture and ordering the immediate return of the Defendant Property and any bond(s) posted in this matter.

//

//

//

Respectfully submitted,

/s/
Darwin L. Overson (7956)
OVERSON LAW, PLLC
136 East South Temple, Suite 1530
Salt Lake City, UT 84111
Telephone: (801) 733-1308
Facsimile: (801) 528-1700
Email: darwin@boslaw.com

And

Glenn D. Bellamy (*pro hac vice*)
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-707-0243
Email: gbellamy@whe-law.com

*Attorneys for Claimant, Rare Breed Triggers, LLC*

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the THIRD-PARTY CLAIMANT, RARE BREED TRIGGERS, LLC'S REPLY TO UNITED STATES' RESPONSE TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT was delivered via the Court's electronic filing/delivery system on this 13th day of January, 2025, to the following:

Trina A. Higgins, United States Attorney
Adam S. Elggren, Assistant United States Attorney
Adam.elggren@usdoj.gov
Travis K. Elder, Assistant United States Attorney
Travis.elder@usdoj.gov
Attorneys for the United States of America
111 South Main Street, Ste 1800
Salt Lake City, Utah 84111

/s/ Darwin Overson
Darwin Overson